IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANN WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:24-cv-325 (MTT) |
| ) | |
| FAMILY DOLLAR STORES OF ) | |
| GEORGIA, LLC d/b/a FAMILY DOLLAR, ) | |
| *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff Ann Webster filed this premises liability lawsuit against Family Dollar Stores of Georgia and ten John Does for an incident that occurred at a Family Dollar store in Macon. ECF 1-2 ¶¶ 1, 2, 4. Webster claims she suffered injuries when she tripped and fell over a floor mat on the Family Dollar premises. *Id.* ¶ 4. Family Dollar filed a motion for summary judgment and Webster did not respond. ECF 12. For the following reasons, Family Dollar's unopposed motion for summary judgment (ECF 12) is **GRANTED**.

**I. BACKGROUND**[1]

On September 24, 2023, Webster visited the Family Dollar store located at 2035 Shurling Drive in Macon, Georgia. ECF 12-4 ¶ 1; 12-2 at 41:1-4; 1-2 ¶ 4. This was her first time at the store location. ECF 12-4 ¶ 1; 12-2 at 40:16-21. She entered the store through the front door and did not observe the floor mat outside the entrance when she

---

[1] These facts are drawn primarily from Family Dollar's Statement of Material Facts (ECF 12-4) which Webster failed to contest, but only insofar as Family Dollar's facts are adequately supported by specific citations to the record. *See* Fed. R. Civ. P. 56(e)(2), (3); M.D. Ga. Local Rule 56.

walked into the store. ECF 12-4 ¶ 2; 12-2 at 42:14-43:8. Webster was in the store for approximately ten to twenty minutes and then exited through the same front door. ECF 12-4 ¶ 3; 12-2 at 49:11-50:4. She testified that the floor mat outside the entrance "caught [her] foot and thr[ew] [her] to the cement ground." ECF 12-4 ¶ 4; 12-2 at 50:8-10. She did not observe the floor mat before she fell and does not remember if it was her left or right foot that caught on the mat. ECF 12-4 ¶¶ 5, 6; 12-2 at 50:22-23, 55:6-9. Immediately after her fall, the store manager and another individual helped Webster get up and sit in a chair in front of the store. ECF 12-4 ¶ 7; 12-2 at 52:12-17, 53:13-21. While seated, Webster observed the floor mat, which she later described as a "wide, big rubber mat." ECF 12-4 ¶¶ 7, 8; 12-2 at 54:4-11; 12-3 ¶ 20.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the *nonmoving* party has the burden of proof at trial, the moving party is not

required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Rather, "the moving party simply may 'show[]—that is, point[] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id*. at 1438 (quoting *Celotex*, 477 U.S. at 324) (alterations in original). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id*.

The burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or is not significantly probative' of a disputed fact." *Id*. (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), "the court may … consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e)(2). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge … [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

In Georgia, an owner or occupier of land is liable to an invitee "for injuries caused by [the owner's or occupier's] failure to exercise ordinary care in keeping the premises

and approaches safe." O.C.G.A. § 51-3-1. To succeed in a premises liability action, "a plaintiff must show: (i) the existence of a defective or hazardous condition on the premises; (ii) that the defendant had either actual or constructive knowledge of this condition; and (iii) that the plaintiff had no knowledge of the condition, despite the exercise of ordinary care." *Warner v. Hobby Lobby Stores, Inc.*, 321 Ga. App. 121, 123, 741 S.E.2d 270, 273 (2013).

Other than the mere incident of her fall, Webster has not presented any evidence showing that the floor mat was hazardous or dangerous.[2] There is no expert testimony to suggest a design or construction flaw or evidence of prior incidents involving this floor mat. Webster has not produced any evidence that the floor mat was curled, bunched, wrinkled, flipped over, or otherwise presented a hazard for any length of time before she fell. Rather, she testified that the floor mat "had to be laying flat on the ground for [her] to walk across it." ECF 12-2 at 54:17-18. Webster's theory appears to be that because she tripped and fell, the floor mat was necessarily dangerous. But "proof of a fall, without more, does not give rise to liability on the part of a proprietor." *Drew v. Istar Fin., Inc.*, 291 Ga. App. 323, 324, 661 S.E.2d 686, 689 (2008) (internal citations omitted). And Georgia law does not require premises to be "an absolutely smooth or level way of travel." *Tanner v. Larango*, 232 Ga. App. 599, 600, 502 S.E.2d 516, 517 (1998) (internal citations omitted). "Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger, and therefore no recovery for the plaintiff*." Metts v. Wal-Mart Stores, Inc.*, 269 Ga. App. 366, 367, 604

---

[2] Family Dollar argues that the floor mat was an open and obvious static condition, not a tripping hazard. ECF 12-1 at 6-9. "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." *Gervin v. Retail Prop. Tr.*, 354 Ga. App. 11, 840 S.E.2d 101, 104 (2020) (citation omitted).

S.E.2d 235, 237 (2004). Webster's premises liability claim thus cannot survive summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Family Dollar's unopposed motion for summary judgment (ECF 12) is **GRANTED**.[3]

**SO ORDERED**, this 7th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The complaint alleges that "Plaintiff has a cause of action against [Family Dollar] for negligence, negligent hiring and retention of an unsafe employee(s), respondeat superior, and all other applicable theories of liability." ECF 1-2 ¶ 10. Family Dollar has moved for summary judgment on Webster's claims for negligent hiring, training, and retention and vicarious liability to the extent they are plead (there are no counts in the complaint) (ECF 12-1 at 11-13), and the Court agrees that the record is devoid of evidence to support these claims.